## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01984-RBJ

MAGPUL INDUSTRIES, CORP.,

      Plaintiff,

v.

PLINKER ARMS, LLC *dba*
PLINKER TACTICAL,

      Defendant.

---

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

## DEMAND FOR JURY TRIAL

---

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Magpul Industries, Corp. ("Magpul" or "Plaintiff") hereby amends its complaint as a matter of course in response to Defendant's Rule 12(b) motion (Dkt. No. 20) as follows:

### PARTIES

1.    Magpul is Delaware corporation with its principal place of business located in Erie, Colorado. Plaintiff is a designer and manufacturer of firearms accessories and related goods. It also provides design consultation and firearms training services.

2.    Upon information and belief, Defendant Plinker Arms, LLC *db*a Plinker Tactical ("Defendant") is a North Carolina limited liability company with its principal place of business at 18636 Starcreek Drive, Suite G, Cornelius, North Carolina 28031. Defendant has been selling and offering to sell infringing ammunition magazines within the United States without consent from Plaintiff. Defendant's infringing products include, but are not necessarily limited to, its AR

30-round polymer magazine (the "accused" or "infringing" product).

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction of this action under 28 U.S.C. §1331 and §1338(a) in that it arises under the United States Patent Laws.

4.      Defendant is subject to this Court's specific personal jurisdiction. Defendant has committed the infringing acts complained of in this Judicial District, and has caused injury to Plaintiff within this Judicial District by virtue of the acts that are described herein.

5.      On information and belief, Defendant has, among other things, marketed product within the state of Colorado, entered into contracts with Colorado residents for the purposes of distributing the accused product, and sold the accused product to Colorado residents. In addition, Defendant operates an interactive web site (http://www.plinkertactical.com) that is used to conduct commercial activity, and this web site has resulted in sales of the accused product directly to Colorado residents.

6.      On information and belief, Defendant's infringement was been willful and with full knowledge of Plaintiff's patent rights.  On information and belief, Defendant and/or agents acting on its behalf obtained one or more Magpul ammunition magazine that was marked in conformance with the patent marking statute pursuant to 3 U.S.C. §287.  Thus, Defendant had notice of the Magpul patent rights described herein.  Nevertheless, on information and belief, Defendant and/or agents acting on its behalf intentionally copied at least the internal structure of Magpul's patented ammunition magazine including copying the patented magazine's follower, guide rails, center ridge, and floor plate. On information and belief, Defendant copied utilitarian features, purely ornamental features, and even a legacy feature (a drain hole that was previously used with a water resistant version of the Magpul magazine) that serves no purpose in Defendant's magazine. Defendant then set out to offer to sell and sell this infringing and derivative ammunition magazine in competition with Magpul.

7.     By virtue of the conduct alleged in the paragraphs above, Defendant took intentionally tortious action that was expressly aimed at Magpul in Colorado with the knowledge that the brunt of the injury from its tortious actions would be felt by Magpul in Colorado.

8.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b).  Defendant is deemed to reside in this district for venue purposes because it is subject to this Court's personal jurisdiction.  *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579 (Fed. Cir. 1990).

## FIRST CLAIM FOR RELIEF

### (Infringement of the '601 Patent)

9.     Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-8 above.

10.     On December 6, 2011, U.S. Patent No. 8,069,601 (the '601 Patent), entitled Ammunition Magazine, was issued for the invention of a novel ammunition magazine.  Plaintiff has owned this patent throughout the period of Defendant's infringing acts and still owns this patent.

11.     Defendant has infringed and is still infringing the '601 Patent by making, selling, and/or using ammunition magazines that embody the patented invention, and Defendant will continue to do so unless enjoined by this court.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '692 Patent)

12.     Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-8 above.

13.     On May 1, 2012, U.S. Patent No. 8,166,692 (the '692 Patent), entitled Self-Leveling Follower for Ammunition Magazine, was issued for the invention of a novel follower

for an ammunition magazine.  Plaintiff has owned this patent throughout the period of Defendant's infringing acts and still owns this patent.

14.     Defendant has infringed and is still infringing the '692 Patent by making, selling, and/or using ammunition magazines that embody the patented invention, and Defendant will continue to do so unless enjoined by this court.

**SECOND CLAIM FOR RELIEF**

**(Infringement of the 'D293 Patent)**

15.     Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-8 above.

16.     On August 30, 2011, U.S. Patent No. D644,293 (the 'D293 Patent), entitled Magazine Follower, was issued for the invention of a novel design for a magazine follower. Plaintiff has owned this patent throughout the period of Defendant's infringing acts and still owns this patent.

17.     Defendant has infringed and is still infringing the 'D293 Patent by making, selling, and/or using magazine followers that embody the patented invention, and Defendant will continue to do so unless enjoined by this court.

**REQUEST FOR RELIEF**

Therefore, Plaintiff requests for judgment:

1.     That Defendant has infringed the '601, '692, and 'D293 Patents;

2.     That Plaintiff be awarded damages for patent infringement according to proof and ordering that such damages be multiplied up to treble their amount;

3.     That Plaintiff be awarded Defendant's profits pursuant to 35 U.S.C. §289.

4.     Preliminary and permanently enjoining Defendant and all others acting in concert with Defendant from making, using, selling, or offering to sell the infringing ammunition magazines, or any other product that infringes the '601, '692, 'and 'D293 Patents without

permission or license from Plaintiff;

5.      That Defendant be ordered to deliver up to Plaintiff all products infringing the

'601, '692, and 'D293 Patents within its ownership, possession, or control for destruction by

Plaintiff or, in the alternative, that the Court award a compulsory royalty for the current and

future sale of such goods;

6.      That the Court declare this to be an exceptional case pursuant to 35 U.S.C. §285,

and award reasonable attorney's fees;

7.      That Plaintiff be awarded its costs of suit, and pre- and post-judgment interest on

any money judgment; and

8.      For such other relief as the Court deems proper.

Dated:  December 20, 2013

Respectfully submitted,

By: /s/ *Brian E. Mitchell*
Brian E. Mitchell

Brian E. Mitchell
Marcel F. De Armas
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:  (415) 766-3515
Facsimile:  (415) 402-0058
Email:       brian.mitchell@mcolawoffices.com
             mdearmas@mcolawoffices.com

Louis P. Feuchtbaum
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:  (415) 392-1960
Facsimile:  (415) 392-0827
Email:       lfeuchtbaum@sideman.com

Attorneys for Plaintiff
MAGPUL INDUSTRIES, CORP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of December, 2013, the foregoing SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

W. Thad Adams, III
SHUMAKER, LOOP & KENDRICK, LLP
tadams@slk-law.com


*/s/ Marcel F. De Armas*
Marcel F. De Armas

Brian E. Mitchell
Marcel F. De Armas
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:    (415) 766-3515
Facsimile:    (415) 402-0058
Email: brian.mitchell@mcolawoffices.com
        mdearmas@mcolawoffices.com